## STATE v. MONROE CANNON.

### *Indictment—Motion in Arrest.*

A motion in arrest of judgment cannot be grounded upon the fact that the prosecuting witness was foreman of the grand jury and endorsed the bill of indictment.

(*State v. Roberts*, 2 Dev. & Bat., 540, cited and approved).

INDICTMENT for false pretence tried at Fall Term, 1883, of BURKE Superior Court, before *Graves, J.*

After a verdict of guilty, the defendant moved in arrest of judgment, upon the ground that the bill of indictment found against him had been found by the grand jury at a term of the court when J. A. Lackey (the prosecutor) was the foreman of the grand jury, and signed his name on the bill as such, to the finding of the indictment as a true bill—the said Lackey having testified that he was the owner of the goods described in the indictment. His Honor refused the motion, and the defendant appealed from the judgment pronounced.

*Attorney-General,* for the State
*Mr. Isaac T. Avery,* for defendant.

ASHE, J. The cause assigned by the defendant for the arrest of judgment is groundless, and would be so if it appeared upon the face of the record. But a judgment can only be arrested for matter appearing, or the omission of matter which ought to appear in the record. .

The record does show that Lackey was foreman of the grand jury; and it appears from the transcript that Lackey's name was endorsed on the bill as a witness, sworn and sent to the grand jury, but the endorsements on the bill of indictment form no part of the bill, and consequently no part of the record.

If an indictment be found without legal evidence, it may be quashed, or the matter may be pleaded in abatement, but not in arrest of judgment. *State* v. *Roberts*, 2 Dev. & Bat., 540.

There is no error. Let this be certified to the superior court of Burke county, that the case may be proceeded with according to law.

No error.                                              Affirmed.